IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CESAR YOBANI GOMEZ CRUZ, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DISTRICT DIRECTORS, | : | |
| UNITED STATES CITIZENSHIP | : | |
| AND IMMIGRATION SERVICES, et al., | : | No. 10-4151 |
| Defendants. | : | |

MEMORANDUM

Schiller, J.                                                                                                      December 8, 2010

The United States Department of Homeland Security has commenced removal proceedings against Cesar Yobani Gomez Cruz, a Guatemalan citizen, claiming that he falsely represented himself as a United States citizen to gain entry into this country. Cruz seeks a declaration from this Court that the Government's decision that Cruz is an inadmissible alien because he falsely represented himself to be a United States citizen was an error. Defendants, the United States Citizenship and Immigration Services ("USCIS") and the Department of Homeland Security, filed a motion to dismiss Cruz's case without prejudice, arguing that this Court lacks jurisdiction over the claim. For the reasons below, the Court will grant the motion.

I.      BACKGROUND

Cruz is a Guatemalan citizen who resides in Pennsylvania. (Compl. at 2.) In 1993, Cruz entered the United States without inspection. (*Id*. at 3.) In 1999, he married Carmen Rosario, a United States citizen. (*Id*.) On January 18, 2000, Cruz was arrested by immigration officials when he tried to reenter the United States after a visit to Puerto Rico. (*Id*.) Cruz indicated he was a United States citizen and produced a counterfeit Pennsylvania identification card and social security card

in the name of Carlos Manuel Ruiz. (Defs.' Mot. to Dismiss Ex. A [Form I-213].) During a secondary inspection, Cruz provided his real name and admitted he had been living in the United States illegally since 1993. (*Id*.) He was allowed to voluntarily depart the United States on the next available flight. (*Id*.) On August 28, 2000, Rosario filed a Form I-130 spousal immigrant visa petition. (Compl. at 3.) Although the petition was eventually approved on August 28, 2001, Cruz had already reentered the United States in June of 2001, without inspection. (Form I-213.) On July 15, 2004, Cruz filed a Form I-485 seeking an adjustment of his status to legal permanent resident because he was married to a United States citizen. (Compl. at 3.) He also filed a Form I-601 seeking a waiver of inadmissability based on his presentation of false identification in 2000. (Form I-213.) On January 15, 2006, USCIS denied Cruz's applications. (Defs.' Mot. to Dismiss Ex. D [Notice of Denial].) Cruz appealed to the Administrative Appeals Office. (Form I-213.) While the appeal was pending, Cruz filed a second I-485 seeking adjustment of his status. (*Id*.) This was denied by USCIS. (*Id*.) On March 9, 2010, the Administrative Appeals Office denied his appeal. (*Id*.)

On August 26, 2010, the Department of Homeland Security commenced removal proceedings against Cruz. (Defs.' Mot. to Dismiss Ex. F [Notice to Appear].) Cruz made his initial appearance before an Immigration Judge on October 4, 2010. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 5.) "A further hearing before the Immigration Judge will follow." (*Id*.) According to Cruz, "a master calendar hearing would be held . . . on July 25, 2011, at which point a hearing would be scheduled on the merits of the deportation case (and any defenses thereto)." (Pl.'s Opp'n to Defs.' Mot. to Dismiss [Pl.'s Opp'n] at 3-4.)

Cruz now asserts that he did not misrepresent himself as a United States citizen because the false documents he provided did not constitute evidence of United State citizenship. (Compl. at 4-6.)

2

He also claims that denial of his waiver request will cause an extreme hardship to a United States citizen. (Compl. at 5-6.) Plaintiff wants this Court to "reconsider and re-adjudicate" his waiver request and his I-485 form. (*Id*. at 6.)

II.     DISCUSSION

According to the Defendants, this Court lacks jurisdiction to grant Cruz relief because there is a pending removal proceeding against him. The Government relies on the following to support its position:

> In the case of any alien who has been placed in deportation proceedings or in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file.

8 C.F.R. § 1245.2(a)(1)(i). Cruz responds that his "complaint seeks more than a granting of adjustment of status." (Pl.'s Opp'n at 4.) He also seeks a declaration that the Government improperly determined that he is legally ineligible for a status adjustment or waiver because of his false claim of United States citizenship. (*Id*. at 4-5.)

The Immigration Judge has exclusive jurisdiction at this time. Cruz is attempting to circumvent the removal process by having this Court declare that he did not falsely represent himself as a United States citizen, even though such a determination will be made during the removal proceedings currently pending. That course of action would render meaningless the process mandated by Congress to determine issues of removal. This the Court cannot do. *See Dedvukaj v. Holder*, Civ. A. No. 09-11538, 2010 WL 330372, at *3 (E.D. Mich. Jan. 21, 2010) (rejecting request for declaratory judgment that would overturn decision of removal based upon falsely representation

3

of United States citizenship because "Court cannot render such a judgment without conducting a judicial review of the immigration proceedings that resulted in the denial of asylum to Plaintiff" and court lacked jurisdiction to conduct such a review).

Plaintiff fails to set forth support for his belief that this Court has jurisdiction over his case. Instead, he attempts to attack the Government's argument without offering a statutory basis upon which this Court can exercise subject matter jurisdiction. Although he cites 8 U.S.C. § 1182(a)(6)(C)(ii) numerous times, that law merely states that any alien who has falsely represented himself to be a United States citizen is inadmissible. It confers no jurisdictional power on district courts. Plaintiff's Complaint cites the Declaratory Judgment Act, 28 U.S.C. § 2201, but that statute provides no independent basis for this Court to exercise jurisdiction. *See Exxon v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982).

Cruz is not without legal remedy. As the Government observes, "determinations — such as USCIS's underlying decisions here — that the alien is legally *ineligible* for adjustment of status and legally *ineligible* to apply for a statutory waiver because of his false claim of U.S. citizenship may be judicially reviewed . . . ." (Defs.' Mot. to Dismiss at 8 n.12 (citing *Pinho v. Gonzales*, 432 F.3d 193, 203-04 (3d Cir. 2005) (holding that non-discretionary actions and purely legal determinations remain subject to judicial review).) But this Court lacks jurisdiction to issue the relief Cruz seeks. *See* 8 U.S.C. § 1252(a)(5) (stating that Courts of Appeal shall serve as sole and exclusive means for judicial review of removal orders).

Because the Court concludes that it lacks subject matter jurisdiction to interfere with a pending removal proceeding, the Court will only briefly address Cruz's contention that he is not required to exhaust his administrative remedies before seeking judicial review. Cruz claims that he

of United States citizenship because "Court cannot render such a judgment without conducting a judicial review of the immigration proceedings that resulted in the denial of asylum to Plaintiff" and court lacked jurisdiction to conduct such a review).

Plaintiff fails to set forth support for his belief that this Court has jurisdiction over his case. Instead, he attempts to attack the Government's argument without offering a statutory basis upon which this Court can exercise subject matter jurisdiction. Although he cites 8 U.S.C. § 1182(a)(6)(C)(ii) numerous times, that law merely states that any alien who has falsely represented himself to be a United States citizen is inadmissible. It confers no jurisdictional power on district courts. Plaintiff's Complaint cites the Declaratory Judgment Act, 28 U.S.C. § 2201, but that statute provides no independent basis for this Court to exercise jurisdiction. *See Exxon v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982).

Cruz is not without legal remedy. As the Government observes, "determinations — such as USCIS's underlying decisions here — that the alien is legally *ineligible* for adjustment of status and legally *ineligible* to apply for a statutory waiver because of his false claim of U.S. citizenship may be judicially reviewed . . . ." (Defs.' Mot. to Dismiss at 8 n.12 (citing *Pinho v. Gonzales*, 432 F.3d 193, 203-04 (3d Cir. 2005) (holding that non-discretionary actions and purely legal determinations remain subject to judicial review).) But this Court lacks jurisdiction to issue the relief Cruz seeks. *See* 8 U.S.C. § 1252(a)(5) (stating that Courts of Appeal shall serve as sole and exclusive means for judicial review of removal orders).

Because the Court concludes that it lacks subject matter jurisdiction to interfere with a pending removal proceeding, the Court will only briefly address Cruz's contention that he is not required to exhaust his administrative remedies before seeking judicial review. Cruz claims that he

of United States citizenship because "Court cannot render such a judgment without conducting a judicial review of the immigration proceedings that resulted in the denial of asylum to Plaintiff" and court lacked jurisdiction to conduct such a review).

Plaintiff fails to set forth support for his belief that this Court has jurisdiction over his case. Instead, he attempts to attack the Government's argument without offering a statutory basis upon which this Court can exercise subject matter jurisdiction. Although he cites 8 U.S.C. § 1182(a)(6)(C)(ii) numerous times, that law merely states that any alien who has falsely represented himself to be a United States citizen is inadmissible. It confers no jurisdictional power on district courts. Plaintiff's Complaint cites the Declaratory Judgment Act, 28 U.S.C. § 2201, but that statute provides no independent basis for this Court to exercise jurisdiction. *See Exxon v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982).

Cruz is not without legal remedy. As the Government observes, "determinations — such as USCIS's underlying decisions here — that the alien is legally *ineligible* for adjustment of status and legally *ineligible* to apply for a statutory waiver because of his false claim of U.S. citizenship may be judicially reviewed . . . ." (Defs.' Mot. to Dismiss at 8 n.12 (citing *Pinho v. Gonzales*, 432 F.3d 193, 203-04 (3d Cir. 2005) (holding that non-discretionary actions and purely legal determinations remain subject to judicial review).) But this Court lacks jurisdiction to issue the relief Cruz seeks. *See* 8 U.S.C. § 1252(a)(5) (stating that Courts of Appeal shall serve as sole and exclusive means for judicial review of removal orders).

Because the Court concludes that it lacks subject matter jurisdiction to interfere with a pending removal proceeding, the Court will only briefly address Cruz's contention that he is not required to exhaust his administrative remedies before seeking judicial review. Cruz claims that he

"faces an inadequate administrative process riddled with unreasonable delays and indefinite timeframes." (Pl.'s Opp'n at 8.) This uncertainty prevents him from working in the United States and places his housing status in flux.

Contrary to Plaintiff's position, he is not excused from exhausting administrative remedies because his status will remain uncertain in the interim. If such were the case, the requirement that a party must exhaust administrative remedies before seeking relief in court would be meaningless. Finally, Cruz is not prejudiced, nor is the administrative process futile, simply because it does not move at the speed Cruz requests.

### III. CONCLUSION

Cruz's status in this country is currently the subject of removal proceedings. Thus, this Court lacks jurisdiction to ignore the process and to declare the Government's previous decision wrong. Cruz's Complaint is dismissed without prejudice. An Order consistent with this Memorandum will be docketed separately.